## THE KING *vs.* AH HAR, AH KONG, FOOK SING, AH CHIN, AH PANG, AH SAM and AH HING.

EXCEPTIONS FROM SECOND CIRCUIT.

JULY TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

Article 7 of the Constitution, which says that an accused person has the right to meet the witnesses produced against him face to face, applies to the trial of any offense, whether within the summary jurisdiction of a magistrate or one indictable and triable only by a jury.

This Article of the Constitution is not complied with unless the accused is in some way made acquainted with the evidence of the witnesses.

If the accused have no counsel, the testimony, if in a language foreign to him, must be interpreted to him.

But if the accused has counsel who understands the testimony either directly or through an interpreter, the Constitutional requirement is complied with.

It is not the duty of the Court where the accused's counsel understands the testimony, after the evidence for the prosecution is all in, to order it interpreted to the accused from the Judge's notes.

But, if requested by the accused, the Court will not refuse to have the evidence interpreted to him, as it is being adduced, even though he has counsel who understands the language in which the testimony is given.

OPINION OF THE COURT, BY JUDD, C.J.

The defendants were tried and convicted in the Police Court of Wailuku, Maui, of the offense of assault on police officers. They appealed to the Circuit Judge, who also convicted them. They then appealed to the Circuit Court of the Second Judicial Circuit, on points of law which were overruled, and the same questions are brought to this Court upon a duly found bill of exceptions.

The case sent up is as follows: The defendants all being Chinese, and all claiming not to understand the Hawaiian language, and nothing to the contrary being shown or claimed by the prosecution, and all witnesses for the prosecution being native Hawaiians and giving their evidence in Hawaiian, and the case for the prosecution having closed, counsel for defendants, to wit, John Richardson, Esq., moved that the evidence, as given by the witnesses for the prosecution or substance thereof as taken down by the Judge, to be interpreted in Chinese to the defendants prior to their taking the stand and giving evidence on their own behalf. The Judge denied said motion on the ground that counsel should have asked that the evidence be interpreted as it was being given by each and every witness, and having failed so to do, and defendants being represented by competent counsel, who cross-examined all the witnesses for the prosecution and rested, the Court considered that defendants had no right at that stage of the proceedings to require the Court to have the evidence interpreted to them. The Counsel for defendants then declined to put defendants on the stand and closed the case.

The points of law are:

First. That the trial and conviction of the defendants was unconstitutional and void.

Second. That the granting of said motion was a matter of right, and not within the discretion of the presiding Judge, and that the denial of motion was error.

Third. That if the granting of said motion was discretionary with the presiding Judge, there was gross abuse of discretion on his part in denying the motion.

*Mr. W. A. Kinney*, for defendants, cited Article 7 of the Constitution: * * * "And he shall have the right to meet the witnesses who are produced against him face to face; to produce witnesses and proofs in his own favor, and by himself or his counsel, at his election, to examine the witnesses produced by himself, and cross-examine those produced against him, and to be fully heard in his own defense." * * *

The constitutional privilege of being confronted by one's accusers means more than their physical presence. It must include a right to know what they are saying.

Counsel for the Crown admits as much, but claims that the knowledge of counsel as to what the witnesses are saying is the knowledge of the client.

We respectfully submit that the constitutional privilege in question, and many like provisions, are clearly intended to be personal, individual rights. He has met witnesses face to face, because his attorney knew what the witnesses were saying. Why should it not be sufficient for his attorney to be physically present when the witnesses are produced? Just what good comes from the presence of the accused, when he does not know what is going on, we fail to see.

The right in question is a personal right just as much as his right to plead, and it is a part of the government's case to see that the accused is confronted by his accusers within the meaning of the Constitution.

*A. P. Peterson,* Deputy Attorney-General, per contra.

The part of Article 7 of the Constitution quoted refers only to indictable cases.

The defendants waived their right to have the evidence interpreted as it was given. They may meet the witnesses "face to face" through a third party, their counsel.

### BY THE COURT.

We are of opinion that the quoted portion of Article 7 of the Constitution applies to all criminal cases, whether within the summary jurisdiction of a magistrate or indictable and triable only before a jury. The exception in the former part of the article is to the effect that no person shall be held to answer for any crime or offense unless upon indictment, unless the offense is within the summary jurisdiction of a Police or District Justice, when an indictment is not necessary.

The clause beginning, "and he shall have the right to meet the witnesses who are produced against him," etc., confers this

21

right upon those who are charged either with an indictable offense or one within the summary jurisdiction of a Police or District Justice.

This was the view of the Legislature in enacting the Penal Code in 1850. Chapter II. of the Code enacts as law the provisions of Article 7 of the Constitution in separate sections, and applies the right to meet witnesses face to face to the trial of any person on the charge of "any offense" indictable or not.

We agree with the contention of the counsel for the defendants, that the constitutional right of an accused person "to meet the witnesses who are produced against him face to face" is not complied with unless he is in some way made to understand their evidence, in order to enable him to avail himself of his further expressed constitutional right of cross-examining these witnesses, and also to meet their evidence with his own proofs. Although the origin of the constitutional requirement that an accused person shall be confronted with the witnesses against him, was to prevent the taking of depositions against an accused person in his absence, he having no opportunity of hearing them or cross-examining them, the mere personal presence of the witnesses before the accused would not obviate this, if their testimony was given in a language not understood by him.

But this article of the Constitution also says that he may, "by himself or his counsel, at his election, examine the witnesses," etc. Whoever, by the election of the accused, undertakes the exercise of this right, whether it be the accused himself or his counsel, has a right to know what the evidence of the witnesses produced against the accused is. For this reason, as well as because the Court must understand the evidence, interpreters are provided in all our courts of justice. But if the accused has counsel who understands the evidence, whether directly from the witnesses or through an interpreter, the constitutional requirement is complied with, though the accused himself may not understand it. It is to be presumed that counsel will communicate with client.

We do not deem it the duty of the Court, after the evidence for the prosecution has all been adduced, to have the evidence translated to the accused from his (the Judge's) notes, it not having been asked for as it came from the witnesses.

The right which an accused has of knowing what the witnesses say against him, is absolute when he has no counsel. When he has counsel who understands the testimony, but does not himself understand the evidence, the Court will not refuse, if requested, to have the evidence interpreted to him; but this request must be made seasonably, and the accused waives it if he allows the case of the prosecution to be put in without it. It is unreasonable to ask the Court to have its notes, which are often fragmentary and imperfectly taken, to be interpreted as the whole evidence against the accused.

For these reasons we overrule the exceptions and sustain the decision of the Court below.

*A. P. Peterson* (Deputy Attorney-General), for prosecution.

*W. A. Kinney*, for defendants.